IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | | |
|---|---|---|
| BLUE CROSS BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE COMPANY | | PLAINTIFF |
| vs. | | CIVIL ACTION NO.: 3:13cv655 HTW-LRA |
| GOVERNOR PHIL BRYANT, in his Capacity as Governor of the State of Mississippi | | DEFENDANT |

**REBUTTAL MEMORANDUM IN SUPPORT OF BLUE CROSS'
MOTION FOR TEMPORARY RESTRAINING ORDER**

Pursuant to Federal Rule of Civil Procedure 65(b), Blue Cross Blue Shield of Mississippi, A Mutual Insurance Company ("Blue Cross") respectfully submits this Rebuttal Memorandum in support of its Motion for Temporary Restraining Order.  The Governor has cited no case addressing the unprecedented governmental action before the Court.  The Governor fails to cite any case law where the Governor of a State singled out one private company and dictated its contract rights without notice and an opportunity to be heard.

**ARGUMENTS AND AUTHORITIES**

A.  **Right to Contract Protected by the United States Constitution**

Blue Cross is not arguing that the Governor has misinterpreted or violated state law.  The Governor has acknowledged that the Insurance Commissioner has the power and duty to regulate the provider networks maintained by health insurance companies.  The Governor has violated Blue Cross' federal constitutional rights ("liberty interest" and "property interest" to contract protected by Due Process, Procedural Due Process, Contract Clause) without a rational basis for taking that action.

While the right to contract is <u>not</u> a fundamental right protected by the United States Constitution, the right to contract is a "liberty interest" and "property interest" protected by the Constitution. *See e.g., Langer v. NY State Office of Court Administration*, 1998 WL 799153, *6 (W.D. N.Y. 1998) ("Although the right to contract can no longer be said to be a fundamental right, the plaintiffs may demonstrate that the subject regulations are unconstitutional if they can prove that the regulations deprive them of a liberty interest but are not rationally related to a legitimate government interest."); *Mertik v. Blalock*, 983 F.2d 1353 (6th Cir. 1993) (recognizing that the right to contract is a property interest protected by the 14th Amendment to the Constitution). Thus, a government action that deprives a party of its right to contract must be rationally related to a legitimate government interest. *See, e.g., Langer v. NY State Office of Court Administration*, 1998 WL 799153, *6 (W.D. N.Y. 1998) (holding that the "plaintiffs have stated a claim that the regulations unconstitutionally impair their interest in contracting with private parties sufficiently to survive the defendants FRCP 12 motion.").

Moreover, on April 9, 2010, Governor Bryant represented to the Federal Court that "'liberty' interests protected by the due process clause" included "the right of the individual to contract." *See* Exhibit A, *Bryant, et al. v. Holder, et al.*, Civil Action No. 2:10cv76KS-MTP, S.D. Miss, at [Dkt. No. 4] at ¶80 (wherein the then-Lieutenant Governor was a plaintiff in the action filed against the Attorney General of the United States).

Finally, the United States Supreme Court has long recognized that contracts create property interests entitled to due process protection. *See Blackburn v. City of Marshall*, 42 F.3d 925, 936-37 (5th Cir. 1995) (property interests entitled to due process protection "stem from independent sources such as state statutes, local ordinances, existing rules, **contractual provisions**, or mutually explicit understandings") (emphasis added); *Board of Regents v. Roth,*

408 U.S. 564, 577 (1972)); *see also Hill v. Halford*, 2012 WL 141145 (N.D. Miss. 2012); *Sims v. Barbour*, 2009 WL 3841709, at *4 (S.D. Miss. 2009) ("[T]he Complaint references benefits [that Plaintiffs] claim were contractually owed ... . Viewing the well-pled facts in the light most favorable to Plaintiffs, the Court cannot say that Plaintiffs failed to allege a property interest ...").

The insurance cases cited by the Governor are all inapposite. Blue Cross does not dispute that the Legislature (and by delegation the Insurance Commissioner) has the right to regulate insurance contracts through statutes or regulations of general application. However, none of these cases stand for the proposition that a Governor can dictate the terms of a contractual relationship between a single, private insurance company and a single health care provider.

**B. Rational Basis Analysis**

The Governor implies that courts rubber stamp governmental actions under the rational basis standard. This argument is incorrect. The United States Supreme Court has found no rational basis for government action in famous court decisions like the very recent *United States v. Windsor*, 570 U.S. ___ (2013) (striking down DOMA because it served no legitimate government interest); *Lawrence v. Texas*, 539 U.S. 558 (2003) (striking down Texas anti-sodomy law as serving no legitimate government interest); *Romer v. Evans*, 517 U.S. 620 (1996) (a state constitutional amendment in Colorado preventing protected status based upon homosexuality or bisexuality did not pass the rational basis test). According to recent article by one commentator, of the more than 100 cases since 1970 in which the United States Supreme Court has applied the rational basis test to answer a question, the Court has answered that question in the plaintiffs' favor more than 20 times. *See* Robert McNamara, *US v. Windsor: Rational Basis Review Should Not Preclude Unconstitutionality*, http://jurist.org/hotline/2013/04/robert-mcnamara-rational-basis-windsor.php.

### C. Procedural Due Process

The Governor argues that the failure to follow the procedural protections of the Insurance Code is "irrelevant" to the Federal Procedural Due Process claim. The Governor is mistaken. While the procedural protections of the Insurance Code do not **define** the Federal Procedural Due Process rights owed to Blue Cross, such state procedures may be **coextensive** with the rights protected by the Due Process Clause. Stated differently, the state procedural safeguards may be the same as the procedural safeguards that are required by the Due Process Clause, and the Governor does not and cannot argue otherwise.

### D. Contracts Clause

Relying on *Perano v. Towship. of Tilden,* 423 F. App'x 234 (3d Cir. 2011), the Governor contends that the Contract Clause applies only to legislative, not executive actions. Blue Cross acknowledges that, as the court in *Welch v. Brown*, 935 F. Supp. 875 (E.D. Mich. 2013), recently recognized, "the Contracts Clause is not implicated in the 'acts of administrative or executive boards or officers' where the officers 'did not change any laws; [they] merely enforced them in a way that allegedly impaired [the plaintiff's] rights . . .'" (quoting *Perano*, 423 F. App'x at 239). In this instance, the Mississippi Legislature has delegated to the Department of Insurance the right to regulate the provider networks maintained by health insurance companies. The Governor has seized this delegated authority and entered Executive Order 1327. As in *Welch*, however, here the Governor purports to be statutorily "empowered to unilaterally modify already-existing contracts." *Id*. And as in *Welch*, "[t]hese actions appear to be exactly the sort of 'exercise of legislative power' that *Perano* recognizes as running afoul of the Contracts Clause." *Id*. Finally, as in *Welch,* Blue Cross "allege[s] that Defendants have unilaterally altered the language of the contract through state action, namely, the order of Defendant [Bryant]. Because the terms of the

contracts have been altered by Defendant [Bryant], Plaintiffs are foreclosed from bringing a breach of contract claim. The instant case is thus precisely the sort of case in which a claim for impairment of contract is appropriate." Id.

Another case on which the Governor relies, *Smith v. Sorensen*, 748 F.2d 427 (8th Cir. 1984), is also easily distinguished. There, the court found "no attempt on the part of the state and its officials 'to use the law . . . to repudiate a contractual obligation, since the contested obligation stemmed from the very law in question.'" *Id*. at 437 (quoting *Jackson Sawmill Co. v. United States,* 580 F.2d 302, 312 (8th Cir. 1978), *cert. denied,* 439 U.S. 1070 (1979)). Here, of course, an attempt to repudiate private parties' contractual rights and obligations is *precisely* what the Governor has done under claimed statutory authority. *Smith* thus affords the Governor no support in this case.

### E. Equal Protection

The Governor argues that this claim fails because there are no similarly situated insurance companies. The Governor cites no authority to support his position that market share is relevant to the Equal Protection analysis. There are multiple, similarly situated private companies that offer health insurance in the State of Mississippi (Humana, United Health Care, etc.) The Governor has taken no action to dictate the contract terms between those insurance companies and health care providers.

## CONCLUSION

ACCORDINGLY, Blue Cross respectfully submits that it has met its burden under Federal Rule of Civil Procedure 65(b), and that it is entitled to entry of a temporary restraining order, preserving the *status quo*, and precluding the Governor from taking any action to enforce Executive Order 1327 to the extent that it requires Blue Cross re-contract with and re-admit six

HMA-owned hospitals into its provider Network.  Blue Cross respectfully requests any additional relief that the Court deems just and proper.

    Dated:  October 25, 2013.

                          Respectfully submitted,

                          BLUE CROSS & BLUE SHIELD OF MISSISSIPPI,
                          A MUTUAL INSURANCE COMPANY

                          By:  __/s/ R. David Kaufman_____
                                      One of Its Attorneys

OF COUNSEL:

R. David Kaufman, Esq. (MSB No. 3526)
Cheri D. Green, Esq. (MSB No. 4988)
Brunini, Grantham, Grower & Hewes, PLLC
Post Office Drawer 119
Jackson, Mississippi 39205
Telephone:  (601) 948-3101
Facsimile:  (601) 960-6902

## CERTIFICATE OF SERVICE

    I, R. David Kaufman, certify that I have this day caused the above and foregoing pleading or other document to be served via ECF and notification was provided to all registered users.

    Dated:  October 25, 2013.

                                        _/s/ R. David Kaufman_____
                                        R. David Kaufman