IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

BLUE CROSS BLUE SHIELD OF
MISSISSIPPI, A MUTUAL INSURANCE
COMPANY                                                                                            PLAINTIFF

V.                                       CIVIL ACTION NO.: 3:13CV655 HTW-LRA

GOVERNOR PHIL BRYANT, in his
Capacity as Governor of the State of
Mississippi                                                                                              DEFENDANT

### REBUTTAL IN SUPPORT OF MOTION OF INSURANCE COMMISSIONER OF STATE OF MISSISSIPPI TO INTERVENE

On October 24, 2013, the Commissioner of Insurance served his Motion to Intervene. On October 26, 2013, Governor Phil Bryant filed Court-Requested Reply, paragraph I of which argues that this Court does not have jurisdiction to determine whether a state official is complying with state law.

This Court's October 28 Bench Opinion and Order on Motion for TRO rejects the jurisdictional challenge to consideration of this matter based on the federal constitutional questions at issue. 28 U.S.C. § 1367 squarely addresses the Court's authority to assume supplemental jurisdictional of the state law claims. The statute reads:

> . . . in any civil action of which the district courts have original jurisdiction, the district courts <u>shall have supplemental jurisdiction</u> over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. . . (emphasis added)

All claims in this case arise from Executive Order 1327. They address the same subject matter and direct that certain actions be taken which involve the same parties, including

directions to the Insurance Commissioner in violation of state law. The jurisdiction is "pendent"[1]

Footnote 1 of the Governor's Reply, cites *Hood v. Barbour*, 958 So. 2d 790 (Miss. 2007) and refers to the Commissioner's counsel "in his former role as counsel for then Governor Haley Governor." *Hood v. Barbour* squarely supports both the Commissioner's right to intervene and the Commissioner's position that Executive Order 1327 exceeds the Governor's authority. There the Attorney General, "in his former role as counsel [opposing] then Governor Haley Barbour" argued that the Governor had no authority to intervene in a legal proceeding which challenged the authority of the Attorney General. The Mississippi Supreme Court summarily rejected that argument pursuant to the provisions of Mississippi Rule of Civil Procedure 24(a)(2) which is "virtually identical" to F.R.C.P. 24 (a)(2). *Hood v. Barbour*, 958 So.2d at 803 n.13. The Court then ruled that the actions of the Attorney General were "void *ab initio* because of being in violation of the applicable statutes" and a contractual agreement. 958 So.2d at 815. Governor Bryant's directions to the Commissioner of Insurance in Executive Order 1327 are also void *ab initio* because they are in violation of the statutes delegating authority to the Commissioner and Department of Insurance.

*Hood v. Barbour* also stands for the proposition that Mississippi Constitution § 123

---

[1] D. Siegel, The 1990 Adoption of § 1367, Codifying "Supplemental" Jurisdiction: "[A] plaintiff who has a federal claim against a defendant will often find that the same wrongful conduct that grounded the federal claim has given rise to a claim under state law . . . when the state matter is joined with a related claim arising out of the same event or connected series of events." The Court may exercise pendent jurisdiction of such claims.

grants the Governor the right to go to court to assure that "the laws are faithfully executed." It does not give him the authority to proclaim that he will arrogate unto his office enforcement of laws delegated elsewhere by the Legislature and in the absence of any showing, suggestion or evidence whatsoever that those laws are not being faithfully executed.

      The Court should grant the Motion to Intervene.

Dated: October 29, 2013.

                                      Respectfully submitted,

                                      MIKE CHANEY, COMMISSIONER
                                      OF INSURANCE OF THE STATE OF
                                      MISSISSIPPI

                                      By: /s/ *John G. Corlew*
                                              JOHN G. CORLEW

John G. Corlew (MSB # 6526)
CORLEW MUNFORD & SMITH PLLC
4450 Old Canton Road; Suite 111 (39211)
Post Office Box 16807
Jackson, MS 39236-6807
Telephone: 601-366-1106
Facsimile: 601-366-1052
jcorlew@cmslawyers.com

3

## **CERTIFICATE OF INSURANCE**

I hereby certify that on October 29, 2013, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

**Cheri D. Green**
cgreen@brunini.com,vwycoff@brunini.com

**R. David Kaufman**
dkaufman@brunini.com,rharrell@brunini.com

**Harold Edward Pizzetta, III**
hpizz@ago.state.ms.us

and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants:

None.

    /s/ *John G. Corlew*
JOHN G. CORLEW